**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOCELYN A. SOLOMON,<br><br>Plaintiff,<br><br>v.<br><br>SETERUS, INC., FAY SERVICING, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC and EQUIFAX INFORMATION SERVICES, LLC.<br><br>Defendants. | CIVIL ACTION<br><br>COMPLAINT 1:17-cv-02478<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

**NOW COMES**, Jocelyn A. Solomon ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, Seterus, Inc. ("Seterus"), Fay Servicing, LLC ("Fay"), Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TransUnion"), and Equifax Information Services, LLC ("Equifax") (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681, and violations of the Bankruptcy Discharge Injunction ("Discharge Injunction") under 11 U.S.C. §§524 and 105.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. This Court has jurisdiction over Plaintiff's claims for violations of the Bankruptcy Discharge Injunction pursuant to 28 U.S.C. §1134.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, owned the real property located at 4216 Middlebury Avenue, Rockford, Illinois 61109 ("subject property").

6. Defendant Seterus is a Delaware corporation with its principal place of business located at 14523 South West Millikan Way, Beaverton, Oregon 97005. Seterus is a foreign company whose primary business is the collection of debts owed to others and servicing loans across the country, including in the State of Illinois. Seterus' Illinois registered agent, C T Corporation System, Inc. is located at 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604. Seterus is a furnisher of information to the major credit reporting agencies, including Experian, TransUnion, and Equifax.

7. Defendant Fay is a privately held company with its principal place of business located at 901 South 2nd Street, Suite 201, Springfield, Illinois 62704. Fay operates as a specialty mortgage debt management company whose primary business is the collection of debts owed to others and servicing loans across the country, including the State of Illinois. Fay is a furnisher of credit information to the major credit reporting agencies, including Experian, TransUnion, and Equifax..

8. Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit

worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

9. Defendant Experian is a corporation incorporated in the state of Ohio and is authorized to do business in the State of Illinois. Experian is in the business of compiling and maintaining files on consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

10. Defendant Equifax is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

**BANKRUPTCY CASE**

11. In 2013, Plaintiff executed a mortgage loan in favor of JPMorgan Chase Bank, N.A. ("Chase") in the amount of $135,600.00 ("subject debt" or "subject loan") secured by the subject property. At some point in time thereafter, Seterus acquired servicing rights for the subject loan.

12. On April 29, 2016, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 16-14798 ("bankruptcy").

13. Schedule D of the bankruptcy petition listed the subject loan, a secured pre-petition debt to Seterus, in the amount of $131,410.00 secured by the subject property.

14. Plaintiff's Chapter 13 Plan proposed to treat Seterus' claim as follows:

> "Debtor is surrendering the real property located at 4216 Middlebury Avenue, Rockford, IL 61109 to Seterus, Inc., in full satisfaction of its claims."

15. On August 19, 2016, Plaintiff's Chapter 13 Plan was confirmed by the Honorable Donald R. Cassling.

16. Plaintiff fully performed her duties and made all payments as set forth in her confirmed Chapter 13 Plan.

17. On November 28, 2016, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject loan.

18. Pursuant to 11 U.S.C. §524 and §1328, Plaintiff's personal liability on the subject loan was extinguished, thus terminating the business relationship with Seterus, and any of its successors and assigns, including Fay.

## CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO EXPERIAN, EQUIFAX & TRANSUNION

19. In December 2016, Plaintiff pulled her credit reports to determine whether Seterus was reporting accurate and complete information in her credit file. Plaintiff discovered that Seterus was reporting the subject loan to Experian, Equifax, and TransUnion as in default, with a six figure balance, a past due amount, a monthly payment amount, and multiple post-discharge derogatory notations.

20. The reporting of the subject loan was inaccurate, incomplete, and materially misleading because the subject loan was discharged in Plaintiff's bankruptcy on November 28, 2016, and should have been reporting with a zero balance, a zero past due amount, a zero monthly payment amount, and no post-discharge derogatory notations.

### a. Plaintiff's Dispute Letters to Experian, Equifax & TransUnion[1]

21. On December 12, 2016, Plaintiff sent detailed credit dispute letters to Experian, Equifax, and TransUnion requesting them to report the subject loan with a $0 balance, $0 past due amount,

[1] Each of Plaintiff's dispute letters were identical.

and a $0 monthly payment amount. Plaintiff attached her bankruptcy Discharge Order to her dispute letters.

22. Plaintiff's dispute letters to Experian, Equifax, and TransUnion stated, in pertinent part:

a. "After reviewing my credit report I found these inaccuracies I would like to dispute;"
b. "You should be reporting a balance of "0", past due amount of "0" and a monthly payment amount of "0";"
c. "Please review and update the following accounts which are reporting incorrectly: SETERUS INC Acc#: 65900297**** is reporting past due, condition, balance, and payment. SETERUS INC Acc# 65900295**** is reporting past due, condition, balance, and payment;" and
d. "I ask that you forward this letter, and the rest of the documents to each of the creditors listed above."

23. Plaintiff sent her dispute letters to Experian, Equifax, and TransUnion via certified mail, return-receipt requested.

24. Upon information and belief, Seterus received notice of Plaintiff's dispute letters and all enclosed supporting documents from Experian, Equifax, and TransUnion within five days of Experian, Equifax, and TransUnion receiving Plaintiff's dispute letters. *See* 15 U.S.C. §1681i(a)(2).

**b. Experian's Failure to Correct Inaccurate Information**

25. On January 11, 2017, Experian responded to Plaintiff's dispute letter.

26. Experian's response revealed that the subject loan was still reporting inaccurately, as follows:

| | | | | | |
|---|---|---|---|---|---|
| **SETERUS**<br>14523 SW MILLIKAN WAY STE 200<br>BEAVERTON OR 97005<br>**Phone number**<br>(866) 570 5277<br>**Partial account number**<br>659002978....<br>**Address identification number**<br>0414619147<br>**Fannie Mae ID**<br>1731928918 | **Date opened**<br>Apr 2013<br>**First reported**<br>Jan 2017<br>**Date of status**<br>Jan 2017 | **Type**<br>Mortgage<br>**Terms**<br>30 Years<br>**Monthly payment**<br>$1,413 | **Credit limit or original amount**<br>$135,600<br>**High balance**<br>Not reported | **Recent balance**<br>$161,020 as of Jan 2017 | **Responsibility**<br>Joint with<br>SOLOMON JOSE ISIDRO<br>**Status**<br>Foreclosure proceedings started. $15,305 past due as of Jan 2017.<br>This account is scheduled to continue on record until Feb 2022.<br>**Comment:**<br>Foreclosure proceedings started.<br>This item was updated from our processing of your dispute in Jan 2017. |

27. Despite receiving Plaintiff's detailed dispute letter, Experian and Seterus continued to report the subject loan with a "Recent balance" of $161,020.00 as of January 2017, a "past due amount" of $15,305.00 as of January 2017, and a "Monthly payment" of $1,413.00.

28. More notably, Experian and Seterus failed to report the subject loan as discharged in bankruptcy.

29. The reporting of the Seterus trade line was patently inaccurate, incomplete, and created a materially misleading impression that Plaintiff was delinquent and still personally responsible for the subject loan. However, Plaintiff was no longer personally liable on the subject loan by virtue of her bankruptcy discharge.

**c. Equifax's Failure to Correct Inaccurate Information**

30. On January 11, 2017, Equifax responded to Plaintiff's dispute letter.

31. Equifax's response revealed that the subject loan was still reporting inaccurately, as follows:

>>> ***We have researched the credit account. Account # - 659002978* The results are:*** Historical account information was updated on this account. We verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: ***Seterus Inc, 8501 IBM Dr Bldg 201, Services, Inc, Charlotte NC 28262-4333 Phone: (503) 372-8142***

***Seterus, Inc*** ***8501 IBM Dr Bldg 201 Services, Inc Charlotte NC 28262-4333 : (503) 372-8142***

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 659002978* | 04/19/2013 | $135,600 | $0 | | Monthly | | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/11/2017 | $161,020 | $15,305 | 04/2015 | $0 | $1,413 | 05/2015 | | | $0 | | $0 | | |

Status - Over 120 Days Past Due; Type of Account - Mortgage; Type of Loan - Conventional Re Mortgage; Whose Account - Joint Account; ADDITIONAL INFORMATION - Foreclosure Process Started; Real Estate Mortgage; Conventional Mortgage; Fixed Rate;

| Account History with Status Codes | 02/2016 |
|---|---|
| | 4 |

32. Despite receiving Plaintiff's detailed dispute letter, Equifax and Seterus continued to report the subject loan with a "Balance Amount" of $161,020.00 as of January 11, 2017, an "Amount Past Due" of $15,305.00 as of January 2017, and a "Scheduled Payment Amount" of $1,413.00.

33. More notably, Equifax and Seterus failed to report the subject loan as discharged in bankruptcy and failed to report that Plaintiff disputed the reporting of the subject loan.

34. The reporting of the Seterus trade line was patently inaccurate, incomplete, and created a materially misleading impression that Plaintiff was delinquent and still personally responsible for the subject loan. However, Plaintiff was no longer personally liable on the subject loan by virtue of her bankruptcy discharge.

**d. TransUnion's Failure to Correct Inaccurate Information**

35. On January 14, 2017, TransUnion responded to Plaintiff's dispute letter.

36. TransUnion's response revealed that the subject loan was still reporting inaccurately. Specifically, TransUnion and Seterus were reporting the subject loan as "Account 120 Days Past Due Date" with a monthly payment amount of $1,376.

37. More notably, TransUnion and Seterus failed to report the subject loan as discharged in bankruptcy and failed to report that Plaintiff disputed the reporting of the subject loan.

38. The reporting of the Seterus trade line was patently inaccurate, incomplete, and created a materially misleading impression that Plaintiff was delinquent on the subject loan. However, Plaintiff was not delinquent on the subject loan by virtue of her bankruptcy discharge.

## IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILES

39. As of today, Defendants' erroneous reporting of the subject loan continues to paint a false and damaging image of Plaintiff. Defendants have yet to update the Seterus tradeline to accurately reflect the discharged status of the subject loan.

40. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, credit capacity, and her ability to move forward after her bankruptcy discharge.

41. The inaccurate and incomplete reporting of subject loan continues to have significant adverse effects on Plaintiff's credit rating and her ability to obtain financing because it creates a false impression that Plaintiff is in default on the subject loan and is still obligated to pay on the subject loan, rendering Plaintiff a high risk consumer and damaging her creditworthiness.

42. On March 11, 2017, Plaintiff purchased an Equifax 3-Bureau Credit Report for $39.95 to determine whether the subject loan was still reporting inaccurately and to determine whether she needs to take further action to fix the inaccuracies in her credit files.

43. Plaintiff suffered monetary damages she otherwise would not have incurred had Defendants corrected the inaccurate reporting of the subject loan after receiving Plaintiff's disputes.

44. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time and energy expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

45. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the inaccurate reporting of the subject loan.

**FAY'S POST-DISCHARGE COMMUNICATIONS**

46. After Plaintiff's bankruptcy discharge, Fay sent Plaintiff a correspondence advising Plaintiff that the servicing rights to the subject loan is being transferred from Seterus to Fay.

47. As soon as Fay began servicing the subject loan, it treated the subject loan as it was in default.

48. Upon information and belief, Fay received notice of Plaintiff's bankruptcy discharge from its predecessor Seterus during the loan onboarding process.

49. After the discharge injunction had taken effect, Fay sought to collect the subject debt from Plaintiff personally by sending numerous dunning letters attempting to collect on the subject debt.

50. From November 2016 through March 2017, Fay sent Plaintiff dunning letters each month demanding payment on the subject loan. All the dunning letters stated a "Past Due Amount" and an "Amount Due" followed by a five figure balance. Moreover, the dunning letters stated that Plaintiff must pay the amount due to bring the subject loan current. The dunning letters further threatened late fees and the "loss of [Plaintiff's] home."

51. Each of the dunning letters included a "Payment Due Date," instructed Plaintiff on how to make payments to Fay, and included a payment coupon that stated "Detach and Return Bottom Portion With Your Payment."

52. Furthermore, the dunning letters threatened adverse credit action against Plaintiff by stating: "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

53. Fay attempted to collect on the subject loan despite the fact it had actual knowledge of Plaintiff's bankruptcy filing, and subsequent discharge.

54. Fay's collection efforts were highly confusing and upsetting to Plaintiff as she was led to believe that her bankruptcy had no legal effect and that she was still obligated to pay on the subject debt; which was the driving force in her decision to seek bankruptcy protection.

55. Plaintiff was unduly inconvenienced and harassed by Fay's unlawful attempts to collect the discharged subject debt and suffered emotional distress and mental anguish as Fay's collection activities led her to believe she was still liable on the subject loan.

56. Concerned about the violations of her rights and protections afforded by her bankruptcy filing and subsequent discharge, Plaintiff sought the assistance of counsel to ensure that Fay's collection efforts finally cease.

**FAY'S UNLAWFUL ACCESS OF PLAINTIFF'S CONSUMER REPORTS**

**a. Impermissible Credit Inquiry By Fay on Plaintiff's Consumer Report**

57. In January 2017, Plaintiff discovered that Fay accessed her Experian credit report after Plaintiff obtained her bankruptcy discharge.

58. Specifically, Fay accessed Plaintiff's Experian consumer report on December 16, 2016.

59. Upon information and belief, Fay accessed Plaintiff's Experian credit report to facilitate the collection of the subject loan.

60. Plaintiff was no longer in possession of the subject property at the time Fay accessed Plaintiff's credit report.

61. Moreover, the subject loan was no longer collectible and Plaintiff's bankruptcy discharge ended any business relationship between Plaintiff and Fay.

62. Upon information and belief, Fay intentionally misrepresented to Experian that it had a current business relationship with Plaintiff. Fay's misrepresentations and false certifications resulted in Experian releasing highly confidential and sensitive personal information concerning Plaintiff to Fay.

63. Fay willfully accessed Plaintiff's credit reports without the consent or knowledge of Plaintiff.

64. Fay's inquiry on Plaintiff's credit report was recorded on Plaintiff's reports and may have decreased Plaintiff's credit scores and Plaintiff's creditworthiness.

65. Moreover, Fay's unlawful conduct in accessing Plaintiff's credit report invaded Plaintiff's privacy.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST SETERUS)

66. Plaintiff restates and reallages paragraphs 1 through 65 as though fully set forth herein.

67. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

68. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

69. Seterus is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

70. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

71. Seterus violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, TransUnion, Equifax, and Plaintiff.

72. Seterus violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, namely Plaintiff's discharge order, provided by Experian, TransUnion, Equifax, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

73. Had Seterus reviewed the information provided by Experian, TransUnion, Equifax, and Plaintiff, it would have corrected the inaccurate designation of the subject loan, and transmitted the correct information to Experian, TransUnion, and Equifax. Instead, Seterus wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

74. Seterus violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's disputes with Experian, TransUnion, and Equifax.

75. Seterus violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian, TransUnion, and Equifax after being put on notice and discovering inaccurate, incomplete, and misleading information with respect to the subject loan.

76. Seterus violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing in Plaintiff's credit files.

77. Seterus failed to conduct a reasonable investigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from Experian, TransUnion, and Equifax under 15 U.S.C. §1681i(a)(1).

78. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Seterus did not correct the errors or the trade line to report accurately and completely. Instead, Seterus wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's disputes to one or more third parties.

79. Moreover, Seterus failed to report the subject loan as discharged in bankruptcy.

80. A reasonable investigation by Seterus would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information remains in Plaintiff's credit files.

81. Had Seterus taken steps to investigate Plaintiff's valid disputes, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support her valid disputes in her requests for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

82. By deviating from the standards established by the mortgage servicing industry and the FCRA, Seterus acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian, TransUnion, and Equifax.

**WHEREFORE,** Plaintiff JOCELYN A. SOLOMON respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

a. An order directing Seterus to delete all of the inaccurate information from Plaintiff's credit reports and credit files;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

c. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

f. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

83. Plaintiff restates and realleges paragraphs 1 through 65 as though fully set forth herein.

84. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

85. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

86. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

87. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

88. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

89. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

90. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

91. Plaintiff provided Experian with all relevant information and documentation in her request for investigation and reinvestigation to reflect her bankruptcy discharge and that she is no longer personally liable for the subject loan.

92. Experian prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by reporting the subject loan with an outstanding balance, a past due amount, and a scheduled monthly payment amount, when in fact Plaintiff had received a bankruptcy discharge, owed no balances, was not past due, and owed no scheduled payments amount on the subject loan.

93. Moreover, Experian failed to report the Seterus trade line as discharged in bankruptcy.

94. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy and received a discharge.

95. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

96. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

97. Had Experian taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loan and other debts were discharged in Plaintiff's bankruptcy on November 28, 2016.

98. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Seterus. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Seterus regarding Plaintiff's dispute that Experian received from Plaintiff.

99. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject loan.

100. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

101. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Seterus that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

102. Since most of Plaintiff's other accounts were reporting as "$0 balance owed," "included in bankruptcy," or "discharged," Experian should have investigated why the Seterus trade line was

reporting anything other than a $0 balance amount, a $0 past due amount, or a $0 monthly payment amount.

103. Moreover, after Plaintiff's written detailed dispute, Experian had specific information related to Plaintiff's bankruptcy case, and subsequent discharge order, which included the subject loan.

104. Experian knew that the inaccurate designation of the subject loan in Plaintiff's credit files under the Seterus trade line as delinquent, in default, and with a high balance after her bankruptcy discharge would have a significant adverse affect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

105. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

106. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

107. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

108. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

109. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately and completely.

110. Experian acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually delinquent, in default, and owing a high past due balance on the subject loan after Plaintiff was discharged in bankruptcy.

111. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

112. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff JOCELYN A. SOLOMON respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing Experian to delete all of the inaccurate information from Plaintiff's credit reports and credit files;
b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
c. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
f. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

113. Plaintiff restate and realleges paragraphs 1 through 65 as though fully set forth herein.

114. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

115. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

116. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

117. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

118. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

119. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

120. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

121. Plaintiff provided TransUnion with all relevant information and documentation in her request for investigation and reinvestigation to reflect her bankruptcy discharge and that she is no longer personally liable for the subject loan.

122. TransUnion prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by reporting the subject loan with a delinquent pay status of "120 Days Past Due Date," when in fact Plaintiff had received a bankruptcy discharge, and was not delinquent on the subject loan.

123. TransUnion prepared an incomplete consumer report of Plaintiff by failing to completely and accurately notate that Plaintiff is disputing the reporting of the subject loan in violation of 15 U.S.C. §1681c(f).

124. Moreover, TransUnion failed to report the subject loan as discharged in bankruptcy.

125. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy and received a discharge.

126. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

127. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

128. Had TransUnion taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loan and other debts were discharged in Plaintiff's bankruptcy on November 28, 2016.

129. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Seterus. Upon information and belief, TransUnion also failed to include all

relevant information as part of the notice to Seterus regarding Plaintiff's dispute that TransUnion received from Plaintiff.

130. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject loan.

131. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

132. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Seterus that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

133. TransUnion violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject loan. TransUnion is required to notate each account that a consumer disputes in each consumer report that includes the disputed information.

134. After Plaintiff's written detailed dispute, TransUnion had specific information related to Plaintiff's bankruptcy case, and subsequent discharge order, which included the subject loan.

135. TransUnion knew that the inaccurate reporting of the subject loan in Plaintiff's credit files under the Seterus trade line as delinquent, after her bankruptcy discharge, would have a significant adverse affect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

136. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

137. Despite actual knowledge that Plaintiff's credit files contained inaccurate information, TransUnion readily sold Plaintiff's inaccurate, incomplete, and misleading reports to one or more

third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

138. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

139. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

140. TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately and completely.

141. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually delinquent on the subject loan after Plaintiff was discharged in bankruptcy.

142. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

143. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff JOCELYN A. SOLOMON respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing TransUnion to delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

144. Plaintiff restates and realleges paragraphs 1 through 65 as though fully set forth herein.

145. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

146. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

147. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

148. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

149. Plaintiff provided Equifax with all relevant information and documentation in her request for investigation and reinvestigation to reflect that she obtained a discharge and is no longer liable for the subject loan.

150. Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the subject loan with a balance greater than $0, a past due amount greater than $0, and a scheduled payment amount greater than $0, when in fact Plaintiff had received a bankruptcy discharge, owed a $0 balance on the subject loan, was not past due, and had no obligation to make monthly payments on the subject loan.

151. Equifax prepared an incomplete consumer report of Plaintiff by failing to completely and accurately notate that Plaintiff is disputing the reporting of the subject loan in violation of 15 U.S.C. §1681c(f).

152. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed and was discharged in bankruptcy and was no longer liable on the subject loan.

153. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Equifax has prepared a patently false, incomplete, and a materially misleading consumer report concerning Plaintiff. Equifax had actual knowledge of Plaintiff's bankruptcy discharge after it received Plaintiff's detailed dispute letter outlining Plaintiff's discharge.

154. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit file.

155. Had Equifax taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loan was discharged in Plaintiff's bankruptcy on November 28, 2016.

156. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Seterus. Upon information and belief, Equifax failed to include all relevant information as part of the notice to Seterus regarding Plaintiff's dispute that Equifax received from Plaintiff.

157. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Seterus with regard to the subject loan.

158. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

159. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Seterus that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

160. Equifax violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject loan. Equifax is required to notate each account that a consumer disputes in each consumer report that includes the disputed information.

161. Since most of Plaintiff's other accounts were reported as "$0 balance owed," "included in bankruptcy," or "discharged," Equifax should have investigated why the Seterus trade line was reporting anything other than a $0 past due amount, $0 balance amount, or a $0 scheduled payment amount.

162. Moreover, after Plaintiff's written dispute, Equifax had specific information related to Plaintiff's bankruptcy case and subsequent discharge, which included the subject loan.

163. Equifax knew that the inaccurate designation of the subject loan on Plaintiff's consumer reports under the Seterus trade line as delinquent, in default, and with a high balance owed after her bankruptcy discharge would have a significant adverse affect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

164. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily sold Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

165. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

166. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

167. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

168. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer file and reporting Plaintiff's credit information.

169. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

170. As pled above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff JOCELYN A. SOLOMON respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing Equifax to delete the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT V - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

(AGAINST FAY FOR VIOLATING §1681b)

171. Plaintiff restates and reallages paragraphs 1 through 65 as though fully set forth herein.

172. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

173. Fay is a "person" as defined by 15 U.S.C. §1681a(b).

174. Fay is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

175. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

176. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated under the FCRA. *See* 15 U.S.C. §1681b(f).

177. Fay requested and received copies of Plaintiff's consumer credit reports maintained by Experian without Plaintiff's consent, or for any permissible purpose, after Plaintiff received a discharge in bankruptcy.

178. Plaintiff's Chapter 13 bankruptcy discharge ended any business relationship between Plaintiff and Fay. Fay did not have a legitimate business need for Plaintiff's credit reports under the FCRA.

179. Fay willfully violated §1681b(f) when it accessed Plaintiff's credit reports without any permissible purpose under the FCRA.

180. Fay's violations have deprived Plaintiff of the right to control her own personal information, which is a major aspect of privacy that is protected by the FCRA.

181. As stated above, Plaintiff was harmed by Fay's conduct.

**WHEREFORE**, Plaintiff JOCELYN A. SOLOMON respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion or modification of all adverse credit inquiries relating to the subject debt;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT VI- VIOLATIONS OF THE DISCHARGE INJUNCTION
(AGAINST FAY)

182. Plaintiff restates and realleges paragraphs 1 through 65 as though fully set forth herein.

**a. Section 11 U.S.C. §524(a)(2)**

183. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

184. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc*., 239 F.3d 910, 915 (7th Cir. 2001).

185. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr. N.D. Ill.1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

**b. Fay's conduct was perpetual, willful, and wanton**

186. Fay violated the discharge injunction by willfully attempting to collect the subject debt with actual knowledge of Plaintiff's bankruptcy and the discharged status of the subject debt.

187. Upon information and belief, Fay's loan onboarding department reviewed its predecessor Seterus' records at the time of transfer of servicing rights and discovered that the subject loan was discharged. Despite having actual knowledge of the discharged status of the subject loan, Fay initiated efforts to collect on the subject loan.

188. Fay should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

189. Fay's conduct demonstrates that it has no such system in place to protect the rights of consumers protected by the Bankruptcy Code.

190. Based on the broad language of the Bankruptcy Code, Fay willfully sought to collect the subject debt from Plaintiff in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

**WHEREFORE**, Plaintiff JOCELYN A. SOLOMON requests that this Honorable Court:

a. Hold Fay in civil contempt of the Order or Discharge pursuant to 11 U.S.C. §§524 and 105;
b. Order Fay to pay Plaintiff for her actual damages in an amount to be determined by the court as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;
c. Order Fay to pay punitive damages in an amount to be determined by the court for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;
d. Order Fay to pay Plaintiff her reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105; and
e. Provide such other and further relief as the Court may deem just and proper.

**Plaintiff demands trial by jury.**

Dated: March 31, 2017

Respectfully Submitted,

/s/ Mohammed O. Badwan

Mohammed O. Badwan, Esq. ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
900 Jorie Blvd, Suite 150
Oak Brook, IL 60523
Phone: (630) 575-8181
Fax: (630) 575-8188